### HERZFELD et al. v. STRAUSS et al.

(Supreme Court, Appellate Division, First Department. December 31, 1897.)

STIPULATION—WAIVER.

In an action to foreclose a mortgage, a stipulation was entered into, virtually changing the action into one upon a money demand, and providing that a money judgment might be entered on or before April 15, 1897, in favor of the plaintiffs. At the same time it was orally agreed that a supplemental complaint should be served, and that defendants would then make formal offer of judgment, so that judgment might be entered without application to the court. After the service of the supplemntal complaint, however, defendants answered; and the plaintiffs not only put in a reply, but noticed the cause for trial. *Held*, that plaintiffs were not entitled to permission to enter judgment on the original stipulation.

Appeal from special term.

Action by Felix Herzfeld and others against Daisy Strauss and William Strauss. From an order denying a motion for leave to enter judgment upon a stipulation, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

De Lancey Nicoll, for appellants.

Franklin Bien, for respondents.

PATTERSON, J. The order from which the appeal in this cause is taken denied a motion made by the plaintiffs for leave to enter judgment upon a stipulation made and signed by attorneys for the respective parties, under the terms of which the action, originally brought for the foreclosure of a mortgage, was virtually changed into one upon a money demand. In that stipulation, which bears date April 12, 1897, it is recited that the mortgaged premises having been released to the defendant Daisy Strauss in consideration of the payment by her of certain sums of money, which had been credited upon the bond, to which the mortgage was collateral, it was consented that no judgment of foreclosure and sale of the mortgaged premises be entered, but that a money judgment might be entered in the action on or before April 15, 1897, in favor of the plaintiffs and against the defendants, for the sum of $44,347.84, with interest from the date of the stipulation, and taxable costs. It was urged in the court below, in answer to this motion, that the stipulation, being signed only by the attorneys, was in no way binding upon the parties. It is undoubtedly the rule that an attorney cannot surrender his client's right, nor bind him to any release or relinquishment of that right, without special authorization so to do. McKechnie v. McKechnie, 3 App. Div. 91, 39 N. Y. Supp. 402; Lewis v. Duane, 141 N. Y. 314, 36 N. E. 322; Arthur v. Insurance Co., 78 N. Y. 469; Mandeville v. Reynolds, 68 N. Y. 528. But this rule is not applicable in the case now under consideration. There is evidence to show that the attorney for the defendants was authorized to sign the stipulation, that both the defendants were present when it was signed and the duplicates exchanged, and that the defendant William Strauss read it over. The special authority derived from this assent was therefore made to appear; but the stipulation, according to the affidavit of Mr. Anable, upon which the motion was based, did not contain the whole of the agreement or understanding of the parties. The right of the plaintiffs is not based on that stipulation alone. In the affidavit of Mr. Anable it is distinctly stated that it was agreed that a supplemental complaint should be served, which was done; and it is further stated that the supplemental complaint "was so served pursuant to an undertaking had between the attorneys for the plaintiffs and defendants, at the time the said stipulation for judgment was signed, that the same should be served, and that the defendants would then serve a formal offer of judgment for the amount agreed upon in said stipulation for judgment, so that judgment might be entered thereon without application to the court." It therefore plainly appears in the moving papers that, by the agreement of the attorneys, judgment was not to be entered until a formal offer of judgment (which, of course, means an offer under the Code) was made. That this understanding was important is shown by the subsequent procedure of the plaintiffs'

attorneys in the case. A formal offer under the Code not being made, an answer was put in by the defendants, and a motion was made by the plaintiffs for judgment on that answer. Before the motion could be heard, a substituted attorney for the defendants served an amended answer, raising new issues, and attacking the merits of the transactions between the plaintiffs and the defendants. That answer was accepted, and the plaintiffs put in a reply, and not only did that, but noticed the cause for trial, and did everything that could be done in the way of accepting the issues and admitting that they should be tried. The court below was right in denying the motion for judgment on the stipulation. Manifestly, it was to be followed by something else. The defendants, by putting in their answers, repudiated the agreement made when the stipulation was given; and the plaintiffs acquiesced in that situation, so far as their right to any relief upon the stipulation alone was concerned. However valuable that stipulation may be as evidence, it does not entitle the plaintiff to judgment on a motion in disregard of all that the plaintiffs have done subsequent to its execution and delivery.

The order appealed from should therefore be affirmed, with $10 costs.

WILLIAMS, O'BRIEN, and INGRAHAM, JJ., concur. VAN BRUNT, P. J., concurs in result.